Jones v. Bay Shore, et. al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand sixteen.

PRESENT: RALPH K. WINTER, JR.,
DENNIS JACOBS,
JOSÉ A. CABRANES,
             Circuit Judges,

- - - - - - - - - - - - - - - - - - - -X

CHARLES W. JONES,
        Plaintiff-Appellee,

        -v.-                                      16-1000

BAY SHORE UNION FREE SCHOOL DISTRICT,
PETER J. DION, Individually and as
Superintendent of the Bay Shore Union
Free School District, EVELYN BLOISE
HOLMAN, Individually and as the
former Superintendent of the Bay
Shore Union Free School District
        Defendant-Appellants

ROBERT PASHKEN, Individually and as
Principal of Bay Shore High School
        Defendant

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    CHRISTOPHER MURRAY, Ruskin
                                  Moscou Faltischek, P.C.,
                                  Uniondale, New York.

FOR APPELLEE:                     STEVEN C. STERN, Sokoloff Stern
                                  LLP, Carle Place, New York
                                  (Kaitlyn R. McKenna, on the
                                  brief).

Appeal from judgments of the United States District Court for the Eastern District of New York (Seybert, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED.**

Charles Jones appeals from judgments of the United States District Court for the Eastern District of New York (Seybert, J.) dismissing his due process and equal protection claims on a motion to dismiss and granting summary judgment for defendants on his First Amendment retaliation claim. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm because: 1) there was no evidence that any action taken against Jones was due to his speech; 2) Jones did not properly plead a selective enforcement claim; and 3) any deprivation of a property interest or a liberty interest was de minimis and insufficient to make out a due process violation.

Jones coached the girls' junior varsity softball team at Bay Shore High School in the early 1980s. In 1985, the Bay Shore Union Free School District (the "school district") came into possession of evidence strongly suggesting that Jones had repeatedly sexually assaulted four minor students on his softball team. The school district charged Jones with sexual misconduct. In the ensuing settlement, he resigned while denying any wrongdoing.

In 1998, Jones attempted to reengage with the school district as an NAACP representative. When district superintendent Evelyn Holman learned of the sexual misconduct allegations regarding Jones, she asked the NAACP to appoint a new representative and had the school district's attorney write Jones a letter explaining that he was barred from school district property.

In 2008, the school district modified the prohibition because Jones's daughter was attending school in the district. It said that Jones could enter the school if he needed to participate in his daughter's education, but he needed to request advance permission before doing so.

When Peter Dion replaced Holman as superintendent in 2011, he was unaware of Jones's history. Shortly after he assumed office, Jones met with Dion regarding Jones's daughter, and the two discussed a future meeting to attempt

3

to establish a minority parents' organization. The meeting was cancelled when Dion learned of the sexual misconduct allegations.

Jones then expressed interest in attending a school board meeting on December 14, 2011. Dion informed him that he was still barred from school district property, but could submit his comments to the school board in writing. On February 13, 2012, Dion modified his position to allow Jones to attend school board meetings if Jones gave advance notice.

On August 14, 2012, Jones sued the school district, Holman, Dion, and the principal of Bay Shore High School. The district court dismissed his due process and equal protection claims on a motion to dismiss, and granted summary judgment in favor of defendants on his First Amendment retaliation claim.[1]

Jones alleges that he was barred from school property because the school district was retaliating against him for exercising his First Amendment right to advocate on behalf of minority students, not because it believed he had

---

[1]Jones has abandoned or elected not to appeal the dismissal of claims: 1) for violation of the First Amendment right to intimate association; 2) for violation of New York's Open Meetings Law; and 3) against the Bay Shore High School principal.

sexually assaulted students. The district court dismissed this claim at summary judgment because Jones put forward no evidence that the defendants were motivated by his speech. Curley v. Vill. of Suffern, 268 F.3d 65, 73 (2d Cir. 2001). No rational jury could conclude that the defendants were motivated by retaliatory animus rather than by legitimate concerns about student safety. Dion's initial enthusiasm about the idea of a minority parents' association ended only after he learned about the allegations of sexual misconduct, and the directive barring Jones from school district property dated back to 1998. Summary judgment on this count was appropriate.

Jones's equal protection claim alleges that the ban from school district property was an instance of selective enforcement by the school district. For his selective enforcement claim, Jones must plead: 1) that he was treated differently than other "similarly situated" individuals; and 2) "that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 790 (2d Cir. 2007) (internal quotations omitted). Jones alleges that the selective enforcement was impermissibly motivated by

5

retaliation, but he fails to allege *why* other individuals were similarly situated to him.  His bare allegation that others were similarly situated is insufficient to survive a motion to dismiss.  Smith ex rel. Smith v. Half Hollow Hills Cent. Sch. Dist., 298 F.3d 168, 173 at n.3 (2d Cir. 2002) (per curiam); Kamholtz v. Yates Cty., 350 F. App'x 589, 591 (2d Cir. 2009) (summary order).

Finally, Jones alleges that the school district banned him from its property without due process.  To make out a due process claim, Jones must allege some "protected liberty or property interest" of which he was deprived.  Adams v. Suozzi, 517 F.3d 124, 127 (2d Cir. 2008).  Jones concedes on appeal that he has no protected right to access school property, but he instead claims that he has a right to attend school board meetings.  We may affirm the dismissal of the due process claim on grounds not relied upon by the district court.  Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 405 (2d Cir. 2006).

While there may be a protected interest in attending school board meetings, the school district does not categorically bar Jones from attending; it simply requires that he provide advance notice before doing so.[2]  Especially

---

[2]To the extent Jones relies on the very brief period in which he *was* categorically barred from school board

6

considering the school district's interest in protecting students from a person who was discharged from teaching for suspected sexual misconduct with minors, any interest Jones may have in attending board meetings *without providing advance notice* is de minimis and insufficient to sustain a due process claim.  See Buthy v. Comm'r of Office of Mental Health of N.Y. State, 818 F.2d 1046, 1050 (2d Cir. 1987); Zigmund v. Solnit, 199 F.3d 1325 (2d Cir. 1999).

Because we conclude that there was no constitutional violation to begin with, we need not reach the questions of qualified immunity or Monell liability as they pertain to particular defendants.

For the foregoing reasons, and finding no merit in Jones's other arguments, we hereby **AFFIRM** the judgments of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

meetings, the ban's quick reversal establishes that it was based on a random act by an employee rather than on an "established state procedure."  Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 880 (2d Cir. 1996).  Jones could have brought an Article 78 proceeding to challenge that temporary ban.  N.Y. Pub. Off. Law § 107. The presence of "a meaningful postdeprivation remedy" for a deprivation not pursuant to "established state procedure" means that the Due Process Clause was not violated. Hellenic Am., 101 F.3d at 880.

7